## United States District Court

**FILED**

NORTHERN DISTRICT OF CALIFORNIA

JUL 2 2 2008

~~RICHARD W. WIEKING~~
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

V.

JASON VASSIL

Venue: San Francisco

**CRIMINAL COMPLAINT**

CASE NUMBER: 3-08-70441 MEJ

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about May 14, 2008 in  San Francisco County , in the  Northern  District of  California  defendant did,

**OFFENSE:**

### SEE ATTACHMENT A

I further state that I am a  Special Agent with the United States Secret Service  and that this complaint is based on the following facts:

*Official Title*

### SEE ATTACHED AFFIDAVIT IN SUPPORT OF THIS COMPLAINT

**PENALTIES:**

### SEE ATTACHMENT A

APPROVED AS TO FORM:    Allison Marston Danner

ASSISTANT UNITED STATES ATTORNEY

Continued on the attached sheet and made a part hereof: ☒ Yes   ☐ No

Warrant of Arrest Requested: Yes ☒ No
Bail Amount: ___

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

7-22-08    at    San Francisco, California
Date                                                   City and State

**Honorable Maria-Elena James**
**United States Magistrate Judge**
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | ) |
|  | ) ss. |
| **NORTHERN DISTRICT OF CALIFORNIA** | ) |

I, Brian G. Lux, Special Agent, United States Secret Service, being duly sworn, depose and say:

### I.    PURPOSE OF AFFIDAVIT: COMPLAINT

1.    This affidavit is made in support of a criminal complaint against Jason VASSIL for wire fraud in violation of 18 U.S.C. § 1343 and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). This affidavit contains facts establishing probable cause that VASSIL committed these offenses.

2.    Because this affidavit is submitted for the limited purpose of establishing probable cause that VASSIL committed the above-referenced crimes, I have not set forth each and every fact that I have learned in connection with this investigation. I have set forth only those facts necessary to establish probable cause.

### II.    EXPERIENCE AND TRAINING OF THE AFFIANT

3.    I am a Special Agent with the United States Secret Service (USSS) and have been so employed since November of 2006. I am currently assigned to the San Francisco Field Office as a member of the Fraud Squad. As part of my duties, I investigate offenses involving fraud and related activity in connection with identity theft and computers. I have received extensive training at the Federal Law Enforcement Training Center in Glynco, Georgia and at the U.S. Secret Service Training Academy, James J. Rowley Training Center, in Beltsville, Maryland. In addition, I have earned a J.D. from Saint Louis University Law School in St. Louis, Missouri.

4.    As a Special Agent with the USSS, I have experience in and have participated in numerous criminal investigations relating to computer fraud, identity theft, access device fraud,

counterfeit identifications, bank fraud, wire fraud, and conspiracy. I have also been briefed by and had conversations with other Special Agents within the USSS about other identity theft investigations, both locally and nationally. As a federal law enforcement officer, I am authorized to investigate violations of federal law and to execute warrants issued under the authority of the United States.

### III.   APPLICABLE LAW

5.   Under 18 U.S.C. § 1343, it is illegal for any person, knowingly and with intent to defraud, to make up a scheme to obtain property by making a false promise or statement, knowing that the statement is false, where that statement is material to the decision of the person providing the property, and using, or causing to be used, a wire to carry out an essential part of the scheme.

6.   Under 18 U.S.C. § 1028A(a)(1), it is unlawful for any person, during and in relation to a violation of enumerated felonies, including 18 U.S.C. § 1343, to knowingly transfer, possess, or use, without lawful authority, a means of identification of another person.

7.   The term "means of identification" under 18 U.S.C. § 1028A is defined in 18 U.S.C. § 1028(d)(7) and includes "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any . . . name, social security number, date of birth . . . ."

### IV.   FACTS ESTABLISHING PROBABLE CAUSE

8.   In March of 2008, the United States Secret Service (USSS) began an identity theft investigation into the activities of Jason VASSIL. The Secret Service received information that VASSIL purchases and distributes personal information, including credit card information, belonging to other individuals and that VASSIL produces fraudulent documents, such as driver's licenses and personal checks. Further investigation by the USSS revealed facts that supported an application for a federal search warrant to search 1390 Market Street, Apartment #2509, in San

Francisco, where VASSIL was residing at the time of his arrest. On July 16, 2008, the Honorable Magistrate Judge Maria-Elena James signed the warrant authorizing the search of that address.

9. On July 22, 2008, I, as well as other agents with the USSS and members of the San Francisco Police Department, executed the search warrant for 1390 Market Street, Apartment #2509 referred to in ¶ 8. While we were there, a package was delivered by Federal Express to "David A." at 1390 Market Street, Apartment #2509. Inside the apartment, we found a box containing approximately 80 fraudulent credit cards. We also found ultraviolet dust, which I know, based on my training and experience, is used to make counterfeit driver's licenses. Jason VASSIL was present in the apartment when we executed the search, and, based upon the items found in the apartment, was taken into custody.

10. Before execution of the search warrant, on July 15, 2008, I went to the Archstone Fox Plaza, located at 1390 Market Street in San Francisco. I showed the general manager a photo line-up of a various individuals. He identified the photograph depicting Jason VASSIL as the person who had leased apartment #2509 for three months. According to documents provided to me by Archstone Fox Plaza, VASSIL leased apartment #2509 using the name "David A." In addition, Jason VASSIL used the driver's license number belonging to David A. in the "Online Lease Resident Application Information." Additionally, the building manager stated that VASSIL came downstairs recently to pay his rent. VASSIL paid for his rent with a money order and signed David A's name on the documents.

11. On June 20, 2008, I went to Mancini's Sleepworld, located at 1450 Van Ness Avenue in San Francisco. Mancini's Sleepworld is a store that sells furniture and mattresses. Mancini's Sleepworld is headquartered in Livermore, California and has twenty-seven stores located in the state of California.

12. From Mancini's Sleepworld, I learned that, on May 14, 2008, an individual identifying himself as "David A" had applied for a line of credit from the store. As part of the application for that line of credit, the individual showed the store employee a driver's license, issued by the

State of California, in the name of David A and also provided the social security number of David A. The store employee made a photocopy of that driver's license. The employee then transmitted the information by fax to an office of American General Financial Services, located in the State of Indiana. Based upon the credit card profile associated with David A., which had been transmitted by wire from California to Indiana, American General Financial Services furnished "David A." a line of credit in the amount of $10,000.

13.     On July 15, 2008, I went to Mancini's Sleepworld and showed a photograph of VASSIL to the employee who helped "David A" make the purchase of furniture on May 14, 2008. The employee said that VASSIL looked familiar but that he could not definitively identify him as the man who had purchased the furniture. I also showed the employee a photograph of the true David A; he said that the true David A. was not the individual that made the purchase on May 14, 2008.

14.     I know, from my training and experience, that, when a company considers whether or not to extend a line of credit to an individual, that individual's personal credit history is an important consideration in that decision. I know, from training and experience, that, if a person applying for a line of credit submits personal information, such as a driver's license or social security number that is, in fact, not associated with a single individual, then the company will not extend a line of credit to that person.

15.     I have reviewed a copy of the driver's license made by the Mancini's Sleepworld employee on May 14, 2008 and compared it to the actual driver's license of the true David A. The number on both licenses is the same, but the photograph on the driver's license provided to Mancini's Sleepworld does not match the photograph on the driver's license issued by the State of California to the true David A.

16.     On May 14, 2008, the individual falsely identifying himself as "David A." purchased $5,945.76 worth of furniture from Mancici's Sleepworld, using the line of credit he had secured from American General Financial Services through the store. On May 16, 2008, this furniture

was delivered to 1390 Market Street, Apartment 2509, in San Francisco, California. This apartment is the current residence of Jason VASSIL.

17. On July 21, 2008, I went to the address of the David A. listed in law enforcement databases. These databases indicate that David A. has had no police contacts and lives in San Francisco, California. On that day, David A. wrote a statement that included the following: "I have not allowed use of my personal information including social security number, bank account information or other information to be used by anyone for any person including renting property or making transactions against my bank accounts. Any use by anyone for any purpose is unauthorized. I recently used my own information at my own will to rent a one year lease at xxxx xxxx Street, San Francisco, CA." The address at which David A. recently rented an apartment is not 1390 Market Street, Apartment 2509, in San Francisco, California. I again spoke with David A. on July 22, 2008. David A. told me that had not ever heard of Jason VASSIL and had never rented Apartment 2509 at 1390 Market Street in San Francisco. David A. confirmed that the individual who purchased the furniture at Mancini's Sleepworld and the individual who rented the apartment at 1390 Market Street, Apartment 2509, in San Francisco, California had used David A.'s true social security number and true driver's license number.

18. I am aware that American General Financial Services conducts business in forty-five states, Puerto Rico, and the Virgin Islands. The Headquarters for American General Financial Services is located in Evansville, Indiana. I am aware that, on May 14, 2008, an employee of Mancini's Sleepworld faxed from California to Indiana an application for a line of credit in the name of "David A.," which included the driver's license number and social security number of the true David A. After providing a driver's license that contained the number of the true David A. as well as the social security number of the true David A. to secure a line of credit, the individual identifying himself as "David A" then ordered $5,945.76 worth of furniture from Mancini's Sleepworld, which he requested be delivered to 1390 Market Street, Apartment 2509, in San Francisco, California. This furniture was, in fact, delivered on May 16, 2008 to this address, which was being rented by Jason VASSIL, using the name of "David A."

## V. CONCLUSION

19. Based on my experience and training, as well as facts presented in this affidavit, I have probable cause to believe that, on or about May 14, 2008, in San Francisco California, Jason VASSIL, knowingly and with intent to defraud, made up a scheme to obtain property by making false representations as to his identity when applying for a line of credit from Mancini's Sleepworld and, by so doing, caused to be used a wire to carry out an essential part of the scheme, in violation of 18 U.S.C. § 1343. There is further cause to believe that Jason VASSIL, knowingly and without lawful authority, used the driver's license number and social security number belonging to David A. during and in relation to this scheme to defraud, in violation of 18 U.S.C. §1028A(a)(1).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

_____
Brian G. Lux
Special Agent
United States Secret Service

Subscribed and sworn to before me this 22 day of July, 2008.

_____
United States Magistrate Maria-Elena James

## ATTACHMENT A TO CRIMINAL COMPLAINT AGAINST JASON VASSIL

### COUNT 1: 18 U.S.C. § 1343 (wire fraud)

On or about May 14, 2008, in San Francisco, California, Jason VASSIL, knowingly and with intent to defraud, made up a scheme to obtain property by making false representations as to his identity when applying for a line of credit from Mancini's Sleepworld and, by so doing, caused to be used a wire to carry out an essential part of the scheme, in violation of 18 U.S.C. § 1343.

### Maximum Penalties:

- 20 years imprisonment
- 3 years supervised release
- $250,000 fine
- $100 special assessment


### COUNT 2: 18 U.S.C. § 1028A(a)(1) (aggravated identity theft)

On or about May 14, 2008 in San Francisco, California, Jason VASSIL did knowingly and without lawful authority, use a driver's license number and social security number belonging to another, during and in relation to a scheme to defraud, in violation of 18 U.S.C. §1028A(a)(1).

### Maximum Penalties:

- Mandatory 2 years imprisonment consecutive to any other term of imprisonment
- 1 year supervised release
- $250,000 fine
- $100 special assessment